IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ERIC DILWORTH                                                                                          PLAINTIFF

V.                                                                                          CAUSE NO 1:05CV338

CONTINENTAL CONSTRUCTION
COMPANY, INC.                                                                                          DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court on the motion [26] of the Continental Construction Company, Inc. for summary judgment. The court has reviewed the briefs and submissions and is prepared to rule.

Plaintiff Eric Dilworth was hired as a laborer by Tennessee corporation Continental Construction Company, Inc. on June 10, 2005. He was hired to grade the Skyline Pipe and Steel jobsite located in Tishomingo County, Mississippi. On June 17, 2005, Mr. Dilworth was the only African-American laborer assigned to grading.

The parties offer conflicting versions of events occurring on June 17, 2005. The defendant contends that job foreman Tom Sullivan instructed Mr. Dilworth on how to grade the jobsite, and that he observed Mr. Dilworth and the other laborers to ensure they knew how to perform the work. The defendant also claims that at least four laborers were assigned to the grading crew, but that number was eventually reduced to two laborers, one of whom was the plaintiff. On three occasions, Tom Sullivan observed Mr. Dilworth not working and leaning on his shovel. Sullivan twice instructed the plaintiff to start working and keep the grade ahead of

1

the carpenters so that the carpenters would not be slowed down. On the third occasion that Mr. Dilworth was observed leaning on his shovel, Sullivan terminated him for failing to work and perform required job duties. Continental contends that all other members of the labor crew who were grading were performing the required job functions and that Mr. Dilworth's race was not a consideration in the decision to terminate him.

Mr. Dilworth maintains he was one of three graders at the Skyline Pipe and Steel jobsite. Job foreman Sullivan never instructed the laborers on how to grade the jobsite, but did tell them how high to complete the grade. Mr. Dilworth further states that Mr. Sullivan did not observe the laborers assigned to grading because Mr. Sullivan was performing other tasks on the work site, and was absent from the vicinity of the graders for most of the day. At no point was he ever reprimanded for leaning on his shovel or for poor performance.

Around 5:15 p.m., the grading crew reached a mud hole in the land and could not continue grading. Mr. Dilworth began gathering tools the crew had been using during the day while the three other members of the crew were standing nearby. Mr. Sullivan pulled the plaintiff aside and told him that he was being terminated for not performing his job in a satisfactory manner. Mr. Dilworth alleges that he was terminated because of his race in violation of Title VII and 42 U.S.C. § 1981.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d

265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Title VII and §1981 claims are considered under the same rubric of analysis. *Raggs v. Mississippi Power and Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002). To establish a prima facie case of discrimination, Mr. Dilworth must demonstrate that 1) he is a member of a protected class, 2) he was qualified for the position that he held, 3) he suffered and adverse employment action, and 4) was treated differently from others similarly situated. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 941. The prima facie case, once established, raises a presumption of discrimination, which the defendant must rebut by articulating a legitimate, nondiscriminatory reason for its actions. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (1999). If the defendant satisfies this burden, the plaintiff must prove that the proffered reasons are pretextual. *Shackelford*, 190 F.3d at 404. When a Title VII case reaches the pretext stage, the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination. *Id*. In raising a genuine issue of fact, the plaintiff must offer evidence that 1) the defendant's reason is not true, but is merely a pretext for discrimination; or 2) the defendant's reason, while true, is only one of the reasons for its conduct and another "motivating factor" for its conduct is the plaintiff's protected characteristic.

3

*Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir.2004). Once the plaintiff makes a mixed-motive showing, the defendant must then demonstrate that the same adverse employment decision would have been made regardless of the discriminatory animus. *Rachid*, 376 F.3d at 312. It is important to note that although the burden of production shifts to the defendant, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff at all times remains with the plaintiff. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993).

The defendant does not contest Mr. Dilworth's establishment of the first three prongs of a prima facie case of race discrimination, but does attack Mr. Dilworth on the fourth prong by arguing that he cannot establish that he was treated differently than other similarly situated employees. Continental contends that unlike the other workers, Mr. Dilworth was caught on three occasions not performing his work and leaning on his shovel. He was not similarly situated and therefore cannot show that he was treated differently than the other workers. However, Mr. Dilworth maintains that he has established that he was treated differently than the other employees because he performed his job duties without being reprimanded for leaning on his shovel and that immediately before his termination he had been cleaning up the job site while the other employees stood and talked. In light of the conflicting testimony, the court will makes a reasonable inference in favor of the non-moving party and find that Mr. Dilworth has established the fourth prong of his prima facie case.

Continental's reason for terminating the plaintiff is that he was not performing his job in an adequate manner, which requires the plaintiff to show that the defendant's reason is a pretext for racial discrimination or that the proffered reason is true but that another reason is the

4

plaintiff's race. Mr. Dilworth again asserts that at no point was he ever disciplined for his work and that he, in fact, was working while other employees were standing when he was pulled aside to be terminated. In light of the widely conflicting version of events, this court finds that there are disputes of fact that would be more appropriately resolved by a jury. The defendant's motion [26] for summary judgment is DENIED.

This the 16th day of April, 2007.

       **/s/ Michael P. Mills**
       **UNITED STATES DISTRICT JUDGE**